UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

FILED

AUG 2 5 2006

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

|  |  |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| Plaintiffs, ) | |
| v. ) | Criminal Action No. 04-0132 (PLF) |
| JOHN BARNHARDT ) | |
| Defendant ) | |

## MEMORANDUM OPINION AND ORDER

This matter is before the Court on defendant's motion for return of property.[1] Having considered the motion, the government's opposition, and the relevant case law, the Court finds that its jurisdiction is preempted by the administrative forfeiture proceedings undertaken by the United States Drug Enforcement Administration ("DEA"), and therefore denies the motion.

### I. BACKGROUND

Defendant was arrested on February 13, 2004, when members of the District of Columbia Metropolitan Police Department ("MPD") attempted to serve him with a federal subpoena. Government's Amended Response to Defendant's Motion for Return of Property ("Gov. Am. Response") at 1. The officers allegedly saw defendant throw a black object away, observed him holding a knife, and asked him for his identification. After giving two false names, defendant presented his real identification. Id. at 2. The authorities also searched a black bag

---

[1] Although the defendant does not state an explicit basis for this motion, the Court presumes that it is pursuant to Rule 41(g) of the Federal Rules of Criminal Procedure.

found near where defendant had thrown the object and found inside a clear bag containing a white substance one of the officers believed to be cocaine. Gov. Am. Response at 2, 3. The officers placed defendant under arrest and seized $3,894.00 from his person. Id. at 3. Defendant subsequently was indicted on one count of unlawful possession with intent to distribute 50 grams or more of cocaine base, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(A), and one count of unlawful possession with intent to distribute cocaine, in violation of 21 U.S.C. §§ 841 (a)(1) and (b)(1)(C). He was ordered held without bond. On May 14, 2004, the Court granted defendant's motion to suppress evidence seized in this case. The government filed a notice of appeal, but on August 17, 2004, after withdrawing its appeal, the government moved to dismiss the indictment. Gov. Am. Response at 3. On September 2, 2004, the Court granted the motion to dismiss, and the criminal case against defendant was closed.

On December 13, 2004, defendant filed this motion seeking the return of the seized $3,894.00 from the United States. The United States responded that the money was in the custody of the District of Columbia, leading the Court to deny the motion on April 22, 2005, and to order the District of Columbia to determine if it had initiated forfeiture proceedings in compliance with the D.C. Code. See April 22, 2005 Order [Docket No. 36]. The District of Columbia responded on December 19, 2005 that the DEA had forfeited the money nearly 18 months earlier. Because the DEA is an agency of the federal government, the Court vacated its ruling denying the motion on December 23, 2005, and ordered the United States to investigate and submit an amended response, which it did.

From the government's amended response to the defendant's motion, the Court learned the following: On March 17, 2004, the DEA sent written notice to defendant, pursuant to

19 U.S.C. § 1607(a) and 18 U.S.C. § 983(a), announcing that it was initiating administrative forfeiture proceedings under 21 U.S.C. § 881 to keep the cash found on the defendant the night of his arrest. Gov. Am. Response, Ex. A, Declaration of John Hieronymus ("Hieronymus Decl.") at 2. The government mailed three notices to defendant's home address, addressing one notice to each of the three names defendant had given authorities. Gov. Am. Response at 5; Exs. 1-4, 7, 8. The government also sent one notice to the D.C. Jail, where it apparently thought defendant was being detained. Gov. Am. Response, Exs. 5, 6.[2] All four notices, sent via certified mail, were stamped "Returned to Sender" and returned to the DEA due either to "insufficient address" or as "unclaimed." Gov. Am. Response, Exs. 2, 4, 6, 8. In addition, the government on April 5, April 12, and April 19, 2004 ran notices of forfeiture in The Wall Street Journal, pursuant to the requirements of 19 U.S.C. § 1607(a). Gov. Am. Response, Ex. 9. Defendant did not respond to the government's notices and did not avail himself of the administrative avenues for challenging the forfeiture proceedings and collecting his money. Gov. Am. Response at 6. As a result, the government declared the money forfeited on June 28, 2004, pursuant to 21 U.S.C. § 881. Gov. Am. Response, Ex. 10, Declaration of Forfeiture.

## II. DISCUSSION

The government opposes the motion for return of property on the grounds that the administrative forfeiture of defendant's property has preempted the Court's jurisdiction to consider his motion for return of property, and that his only avenue for relief is to bring a civil action under 18 U.S.C. § 983(e)(5). For the following reasons, the Court agrees.

---

[2] In fact, Magistrate Judge Alan Kay had ordered defendant transferred to the D.C. Central Treatment Facility a month earlier, on February 17, 2004, the same day defendant was ordered held without bond.

3

Rule 41(g) of the Federal Rules of Criminal Procedure provides that "a person aggrieved by an unlawful search and seizure of property or by the deprivation of property may move for the property's return." FED. R. CRIM. P. 41(g). This Circuit has held, however, that the Rule does not encompass property the government already has forfeited through administrative procedures. United States v. Price, 914 F.2d 1507, 1511 (D.C. Cir. 1990). Instead, those procedures preempt the district court's jurisdiction to review disputes over seized property: "We now hold that once the Government initiates an administrative forfeiture proceeding and the property is not the subject of an ongoing criminal proceeding, the District Court has no jurisdiction to resolve the issue of return of property." Id. at 1508. The Civil Asset Forfeiture Reform Act of 2000, codified in relevant part in 18 U.S.C. § 983(e)(5), explicitly preempts any other remedy for administrative forfeiture: "A motion filed under this subsection shall be the exclusive remedy for seeking to set aside a declaration of forfeiture under a civil forfeiture statute." 18 U.S.C. § 983(e)(5).

Defendant moved for the return of his property on December 13, 2004, apparently unaware that the money already had been forfeited in the DEA's March-June proceeding.[3] Because the government has initiated (and concluded) administrative forfeiture proceedings, however, the Court is precluded from deciding this motion because it has no jurisdiction. The

---

[3] Given that all four notification letters the government mailed were returned as undeliverable, and that the government apparently sent one letter to the wrong jail while the defendant was in government custody, the Court questions whether the government gave proper notice of the proceedings as required by 19 U.S.C. § 1607(a). See Lopez v. United States, 201 F.3d 478, 480-81 (D.C. Cir. 2000) (DEA "should have attempted to locate [defendant] within the prison system" after notices mailed to home and prison addresses were returned); Small v. United States, 136 F.3d 1334, 1337-38 (D.C. Cir. 1998) (government should have tried harder to notify defendant after notice mailed to jail was returned, and letter mailed to home was insufficient because the government knew defendant was incarcerated).

4

sole means for the defendant to challenge the government's forfeiture at this stage is to bring a separate civil action and to file a motion to set aside forfeiture pursuant to 18 U.S.C. § 983(e)(5). Accordingly is it hereby

>ORDERED that the defendant's Motion for Return of Property [32] is DENIED.

>SO ORDERED.

/s/ Paul L. Friedman
PAUL L. FRIEDMAN
United States District Judge

DATE: 8/25/06