UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| _____ | ) | |
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | Criminal No. 04-0132 (PLF) |
| | ) | |
| JOHN BARNHARDT, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |
| _____ | | |

MEMORANDUM OPINION AND ORDER

This matter is before the Court on defendant John Barnhardt's motion to set aside

an administrative forfeiture of $3,894.00 seized from him at the time of his arrest in 2004.  As

explained more fully below, Mr. Barnhardt's motion – which is made pursuant to Section 983(e)

of the Civil Asset Forfeiture Reform Act of 2000 ("CAFRA") – alleges that the United States

Drug Enforcement Agency failed to provide sufficient notice before administratively forfeiting

his property.[1]  The Court will  transfer Mr. Barnhardt's Section 983(e) motion to a new, separate

civil action and proceed as if his motion initiated a new case.

---

[1]     Section 983(e)(1) provides, in pertinent part, that "[a]ny person entitled to written
notice in any nonjudicial civil forfeiture proceeding . . . who does not receive such notice may
file a motion to set aside a declaration of forfeiture . . . .".  18 U.S.C. § 983(e)(1).  Section
983(e)(5) provides that such a motion "shall be the exclusive remedy for seeking to set aside a
declaration of forfeiture under a civil forfeiture statute."  Id. § 983(e)(5).

## I.  BACKGROUND

### *A.  The Underlying Criminal Case*

Mr. Barnhardt was arrested on February 13, 2004, when members of the District of Columbia Metropolitan Police Department ("MPD") attempted to serve him with a federal subpoena.  See Government's Amended Response to Defendant's Motion for Return of Property at 1 ("Gov. Am. Response").  The officers allegedly saw defendant throw a black object away, observed him holding a knife, and asked him for his identification.  After giving two false names, defendant presented his real identification.  See id. at 2.  The authorities also searched a black bag found near where defendant had thrown the object and found inside a clear bag containing a white substance one of the officers believed to be cocaine.  See id. at 2-3.  The officers placed defendant under arrest and seized $3,894.00 from his person.  See id. at 3.

Defendant subsequently was indicted on one count of unlawful possession with intent to distribute 50 grams or more of cocaine base, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(A), and one count of unlawful possession with intent to distribute cocaine, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(C).  He was ordered held without bond.

On May 14, 2004, the Court granted defendant's motion to suppress evidence seized in the case.  The government filed a notice of appeal, but on August 17, 2004, after withdrawing its appeal, the government moved to dismiss the indictment.  See Gov. Am. Response at 3.  On September 2, 2004, the Court granted the motion to dismiss, and the criminal case against Mr. Barnhardt was closed.

*B.  The Forfeiture*

On March 17, 2004 – that is, several weeks before this Court granted Mr.

Barnhardt's motion to suppress – the DEA sent written notice to Mr. Barnhardt, pursuant to

19 U.S.C. § 1607(a) and 18 U.S.C. § 983(a), announcing that it was initiating civil administrative

forfeiture proceedings under 21 U.S.C. § 881 to keep the money seized the night of his arrest.

See Gov. Am. Response, Ex. A, Declaration of John Hieronymus at 2.  The government mailed

three notices to Mr. Barnhardt's home address, addressing one notice to each of the three names

Mr. Barnhardt had given authorities.  See Gov. Am. Response at 5; see also id., Exs. 1-4, 7, 8.

The government also sent one notice to the District of Columbia Jail, where the government

apparently thought Mr. Barnhardt was being detained.  See id., Exs. 5, 6.  (In fact, Magistrate

Judge Alan Kay had ordered Mr. Barnhardt transferred to the D.C. Central Treatment Facility a

month earlier, on February 17, 2004.)  All four notices, sent via certified mail, were stamped

"Returned to Sender" and returned to the DEA due either to "insufficient address" or because

they went "unclaimed."  Id., Exs. 2, 4, 6, 8.  In addition, the government on April 5, April 12, and

April 19, 2004 ran notices of forfeiture in The Wall Street Journal, pursuant to the requirements

of 19 U.S.C. § 1607(a).  See id., Ex. 9.

Mr. Barnhardt, apparently not being a subscriber to The Wall Street Journal, did

not respond to the government's notices.  See Gov. Am. Response at 6.  As a result, the

government declared the money forfeited on June 28, 2004.  See id., Ex. 10, Declaration of

Forfeiture.

*C. Motion for Return of Property Under Rule 41(g)*

Mr. Barnhardt moved for the return of his property on December 13, 2004,

apparently unaware that it already had been forfeited by the DEA.  Mr. Barnhardt's motion did

not explicitly rely on Rule 41(g) of the Federal Rules of Criminal Procedure, but the Court

construed it as a Rule 41(g) motion because it was filed in the underlying criminal case and

because of the nature of relief sought.[2]

On August 25, 2006, the Court denied without prejudice Mr. Barnhardt's Rule

41(g) motion on the ground that the administrative forfeiture of his property deprived this Court

of subject matter jurisdiction to address his Rule 41(g) motion.  See United States v. Barnhardt,

Criminal No. 04-0132, Memorandum Opinion and Order at 4-5 (D.D.C. Aug. 25, 2006); see also

Turner v. Gonzales, No. 06-4020, 2007 WL 1302126, at *1 (7th Cir. 2007) ("Rule 41(g) is a

vehicle for recovering seized but not forfeited property."); United States v. Price, 914 F.2d 1507,

1511 (D.C. Cir. 1990) (holding that "once the Government initiates an administrative forfeiture

proceeding and the property is not the subject of an ongoing criminal proceeding, the District

Court has no jurisdiction to resolve [a Rule 41(g) motion]."). The Court further concluded that

---

[2]    Rule 41(g) – formerly Rule 41(e) – provides:

> A person aggrieved by an unlawful search and seizure of property
> or by the deprivation of property may move for the property's
> return.  The motion must be filed in the district where the property
> was seized.  The court must receive evidence on any factual issue
> necessary to decide the motion.  If it grants the motion, the court
> must return the property to the movant, but may impose reasonable
> conditions to protect access to the property and its use in later
> proceedings.

FED. R. CRIM. P. 41(g).

defendant's sole remedy under these circumstances was "to bring a separate civil action and to file a motion to set aside forfeiture pursuant to [Section 983(e) of CAFRA]." United States v. Barnhardt, Criminal No. 04-0132, Memorandum Opinion and Order at 5 (D.D.C. Aug. 25, 2006). See also Mesa Valderrama v. United States, 417 F.3d 1189, 1195 (11th Cir. 2005) ("CAFRA sets forth the exclusive remedy for seeking to set aside a declaration of forfeiture under a civil forfeiture statute. . . . Thus, a party seeking to challenge a nonjudicial forfeiture that falls within CAFRA's purview is limited to doing so under [Section 983(e)].").

*D. Motion to Set Aside Forfeiture Under 18 U.S.C. § 983(e)*

Mr. Barnhardt appealed this Court's denial of his Rule 41(g) motion.  At some point before the D.C. Circuit ruled on his appeal, however, Mr. Barnhardt also filed in the D.C. Circuit a motion to set aside forfeiture under Section 983(e) of CAFRA.  On July 5, 2007, the D.C. Circuit summarily affirmed this Court's denial of Mr. Barnhardt's Rule 41(g) motion.  At the same time, the Court of Appeals transferred Mr. Barnhardt's Section 983(e) motion to this Court "for disposition in the first instance."  See United States v. Barnhardt, No. 06-3145, Order (D.C. Cir. July 5, 2007).

## II.  DISCUSSION

It appears that the D.C. Circuit assumed that this Court could consider Mr. Barnhardt's Section 983(e) motion as a matter ancillary to his underlying (closed) criminal case.[3] As the purpose of a Section 983(e) motion is to contest a civil forfeiture proceeding, however,

---

[3]   The government's appellate brief appears to make the same assumption. See United States v. Barnhardt, No. 06-3145, Government's Motion for Summary Affirmance at 6-7.

the Court concludes that it would be more proper, as a procedural matter, to transfer Mr.

Barnhardt's Section 983(e) motion to a new, separate civil action and proceed as if his motion

initiated a new case.  Cf. United States v. Stokes, 191 Fed. App'x 441, 443-44 (7th Cir. 2006);

Small v. United States, 136 F.3d 1334, 1335-36 (D.C. Cir. 1998); United States v. Morgan,

Criminal No. 02-109, 2006 WL 2168173, at *2-4 (N.D. Ill. July 31, 2006). Accordingly, it is

hereby

ORDERED that the Clerk of the Court shall open a new civil action.  That new

civil action shall be captioned John Barnhardt v. United States of America, and shall be

designated as related to Criminal No. 04-0132; it is

FURTHER ORDERED that the Clerk of the Court shall transfer Mr. Barnhardt's

Section 983(e) motion, filed before the D.C. Circuit, to the new civil action; it is

FURTHER ORDERED that the Clerk of the Court shall prepare summons to be

issued to the United States of America in the new civil action; and it is

FURTHER ORDERED that Mr. Barnhardt shall effect proper service upon the

United States of America as provided by Rule 4(i) of the Federal Rules of Civil Procedure.

SO ORDERED.

/s/_____
PAUL L. FRIEDMAN
United States District Judge

DATE: May 27, 2008